## Commonwealth, by, et al. v. Prudential Life Insurance Company of America.

(Decided October 4, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Practice—Dismissal of Action—Clerical Misprision—Absence of Motion in Lower Court to Vacate Judgment.—Where a demurrer to an answer was overruled on February 20, 1909, and the case stood without any preparation by the defendant until February 5, 1910, and when the court finally dismissed the action, the plaintiff had never filed, nor offered to file a reply, the rendition of the judgment of dismissal was a clerical misprision, which, under section 763, Civil Code, this court cannot review, the plaintiff having made no motion in the lower court to vacate the judgment.

M. J. HOLT for appellant.

SAMUEL S. BLITZ for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

This action was instituted by the Commonwealth against the Prudential Life Insurance Company in the Jefferson County Court to recover of the latter taxes upon certain personal property for the year 1908. The county court dismissed the proceeding, and an appeal was prosecuted to the circuit court. The transcript was filed in the circuit court on October 7, 1908. The answer was in two paragraphs, the first a traverse, and the second a statement that the company had made due return of all its properties and had paid its taxes there-

on. On November 7, the case was allotted to the chancery branch, second division. On January 16, 1909, the defendant set the action at rules, and at its motion it was postponed until the 18th of January. On the 18th, plaintiff demurred to the second paragraph of the answer and the demurrer was submitted. On the 20th of February, this demurrer was overruled. The action was set at rules on the 1st of March by the defendant. On the 6th of March, on defendant's motion, the case was postponed until the 8th of March. On the 18th of March appears this order: "Come parties by counsel and this action having been heard upon the demurrer of plaintiff to the answer of defendant herein and the court not being advised, it is ordered that said demurrer be and it is submitted." It will be noted that this order was entered notwithstanding the fact that a prior order had been entered overruling the demurrer. Nothing further was done until the 10th of January, 1910, when the action was set at rules for the defendant. On the 15th of January, the action was remanded. On the 31st of January, the action was set at rules for the defendant. On the 5th of February, plaintiff filed his affidavit and obtained an attachment for a witness. On the same day plaintiff moved the court for leave to file an amended statement. On the same day plaintiff moved the court to refer the action to the official stenographic reporter. On the same day the defendant moved the court to submit the case in chief. These motions were submitted. The action was set at rules for the defendant on the 7th of March. On the 12th of March, on plaintiff's motion, it was assigned for hearing to March 14th. On March 14, the plaintiff's motion for an attachment against the witness was allowed, returnable on the 16th. On March 16, the attachment was discharged on defendant's motion. On March 19, the defendant's motion to submit was sustained. The plaintiff's motion to file an amended petition was overruled, and a judgment was entered dismissing the proceeding with judgment for costs against the revenue agent. The Commonwealth appeals.

The Commonwealth complains that this case was submitted when it had pending a demurrer to the second paragraph of the answer, a motion to refer the action to the official reporter to take proof, and a motion to file an amended statement. The appellee contends

that the demurrer to the second paragraph of the answer had been acted upon and overruled; and that as there had been no motion to set aside the order overruling the demurrer, the order submitting the case upon a demurrer which had already been acted upon would not properly bring the demurrer up again for review; that it was entitled to a submission upon the issues which it had presented more than a year before without any reply or any proof by the Commonwealth; that the motion to refer to the official stenographer came too late and was at best a dilatory motion; that the error of the trial court's judgment dismissing the proceeding, if error it was, was merely an error of premature trial and, therefore, a clerical misprision under section 517 of the Civil Code; that under sections 516-518 of the Civil Code, the court had power to vacate or modify the judgment for this clerical misprision; and that, as no motion had been made in the trial court to set aside the judgment of dismissal, it cannot, under the provision of section 763 of the Civil Code, be reversed in the Court of Appeals.

The foregoing history of the case shows that demurrer to the answer was overruled on February 20, 1909; that the case thus stood without any preparation by the defendant until the 5th of February, 1910; and that when the court finally dismissed the action, the plaintiff had never filed nor offered to file any reply. The mere submission upon the demurrer, after the demurrer had been once acted upon, without any motion addressed to the court asking a reconsideration, is without authority in the practice and is a means which should not be permitted to delay the expeditious preparation of cases. When the demurrer had been acted on, and the record stood as detailed, the plaintiff was not prejudiced by a submission of the case, without again acting on the demurrer. It was not necesary that the case be referred to the official stenographer to take the proof; it could have been taken long before in the customary way. There seems to have been no good reason why the court should not have submitted the case upon the pleadings when the record discloses no reason why it should have not been done. But if this were not true, the rendition of the judgment of dismissal at the time was no more than a clerical misprision, which, under

section 763 of the Civil Code, we are powerless to review, the plaintiff having made no motion in the lower court to vacate the judgment.

The judgment is affirmed.